O

# United States District Court
# Central District of California

| | |
|---|---|
| LATANYA WILLIAMS,<br><br>                    Plaintiff,<br><br>     v.<br><br>P.I. PROPERTIES NO. 42, L.P.,<br><br>                    Defendant. | Case № 2:22-cv-05023-ODW (JPRx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [23]; ORDER TO SHOW CAUSE RE: MONETARY SANCTIONS** |

## I.  INTRODUCTION

Plaintiff Latanya Williams moves for default judgment against Defendant P.I. Properties No. 42, L.P. for violations of the Americans with Disabilities Act of 1990 ("ADA") at a liquor store located at 16024 Amar Road in City of Industry, California. (Mot. Default J. ("Mot."), ECF No. 23-1.)  The Court hereby takes the matter under submission and **VACATES** the hearing on the motion.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the reasons discussed below, the Court **DENIES** Williams's Motion and **ORDERS** Williams's counsel **TO SHOW CAUSE** regarding monetary sanctions in light of counsel's repeated reliance on outdated law.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Williams uses a wheelchair due to medical conditions that significantly impair her mobility. (Compl. ¶ 1, ECF No. 1.) In May 2022, Williams visited the subject liquor store. (*Id.* ¶ 10.) P.I. Properties is "the real property owner[], business operator[], lessor[] and/or lessee[]" of the property where the liquor store is located. (*Id.* ¶ 2.) Williams alleges that P.I. Properties failed to provide a disabled parking space that complies with the ADA. (*Id.* ¶¶ 24–26.)

Williams initiated this action against P.I. Properties asserting five causes of action: (1) violation of the ADA, (2) violation of the California Unruh Civil Rights Act, (3) violation of the California Disabled Persons Act, (4) violation of California Health & Safety Code § 19955, and (5) negligence. (*Id.* ¶¶ 18–49.) The Court declined to exercise supplemental jurisdiction over the state-law claims (claims two through five) and dismissed those claims without prejudice, leaving only the ADA claim at issue. (Order Declining Suppl. Jurisdiction, ECF No. 15.) Upon Williams's request, the Clerk entered default against P.I. Properties. (Default by Clerk, ECF No. 22.)

Williams now moves for default judgment against P.I. Properties. (*See* Mot.) She seeks an injunction under the ADA directing Defendants to remedy the ADA violations she alleges exist at the disabled parking space. (*Id.* at 5.) She also seeks attorneys' fees and costs in the total amount of $2,667.00. (*Id.* at 6.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Rule 54(c) and 55, as well as Local Rules 55-1 and 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act,

50 U.S.C. § 521, does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal 2002). In exercising discretion, a court must consider several factors (the "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, after the Clerk enters default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

## IV. DISCUSSION

Williams's Motion is deficient in at least three ways. First, Williams fails to show, either with evidence filed in support of her Motion or with well-pleaded factual allegations, that she personally encountered access barriers and as a result was denied accommodation. Second, she makes no attempt to plead or show that removal of any

alleged access barriers is readily achievable.  Third, she fails to show that P.I. Properties is responsible for the alleged ADA violations.

As a result of these deficiencies, Williams fails to satisfy the second and third *Eitel* factors, which "require that a plaintiff state a claim on which the [plaintiff] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) (alteration in original) (quoting *PepsiCo*, 238 F. Supp. 2d at 1175).  In determining whether a plaintiff has stated a claim, "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).  To weigh these two factors, the Court evaluates the merits of Williams's ADA cause of action.  The Court may properly consider the evidence Williams submitted with her Motion as part of this analysis, as long as the allegations in the Complaint were sufficient to place P.I. Properties on notice of the violation being demonstrated.  *See, e.g., McComb v. Vejar*, No. 2:14-cv-00941-RSWL-E, 2014 WL 5494017, at *7 (C.D. Cal. Oct. 28, 2014) (examining plaintiff's evidence on default judgment to determine if removal of barrier was readily achievable).

To begin with, Williams's Motion suffers from an overall lack of specificity regarding the true nature of the ADA violations on the property.  In the Complaint, Williams alleges three particular ADA violations.  First, she alleges that there was no parking space identification sign bearing the International Symbol of Accessibility. (Compl. ¶¶ 13a, 24.)  Second, she alleges that there was no sign indicating "Minimum Fine $250" or "Van Accessible." (*Id.* ¶¶ 13b, 24.)  Third, she alleges that there were no access aisles with blue hatched lines and "NO PARKING" markings. (*Id.* ¶¶ 13c, 25–26.)  Williams provides no further evidence of these violations with her Motion for Default Judgment and instead refers only generally to the parking space violations without providing any further detail. (*See generally* Mem. ISO Mot., ECF No. 23-1.)  Indeed, it remains unclear whether Williams contends that P.I. Properties provides no disabled parking space at all or that P.I. Properties provides a disabled parking space

that is merely missing certain signage and markings. (*See generally* Decl. Latanya Williams ISO Mot. ("Williams Decl."), ECF No. 23-3 (failing to describe "barriers and conditions in the parking space" with any detail)).

This key ambiguity underpins each of the Motion's three deficiencies, discussed below. The Court denies the Motion based on these deficiencies without addressing whether Williams meets the procedural requirements for obtaining default judgment.

### A. Williams fails to allege or show she was denied accommodation.

"Title III of the ADA prohibits discrimination on the basis of disability in the 'full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . .'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 904 (9th Cir. 2011) (quoting 42 U.S.C. §§ 2000a(b), 12182(a)). As relevant here, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). To succeed on her ADA claim, Williams must establish that (1) she is "disabled within the meaning of the ADA," (2) P.I. Properties "own[s], lease[s], or operate[s] a place of public accommodation," (3) P.I. Properties denied Williams public accommodation because of her disability, (4) "the existing facility presents an architectural barrier prohibited under the ADA," and (5) "the removal of the barrier is readily achievable." *Rivera v. Crema Coffee Co. LLC*, 438 F. Supp. 3d 1068, 1074 (N.D. Cal. Feb. 7, 2020) (first citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); and then citing *Ridola v. Chao*, No. 16-cv-02246-BLF, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018)).

Williams's Motion fails on the third element. Williams neither alleges nor substantiates with any meaningful degree of specificity that the alleged ADA parking space violations imposed any barrier to her full use and enjoyment of the liquor store or otherwise caused a denial of accommodation. Williams declares in the most general and conclusory of terms that when she got to the liquor store, she "discovered barriers and conditions in the parking space that denied full and equal access by persons like

[herself] who require the use of a wheelchair for mobility," (Williams Decl. ¶ 4), but this statement is conclusory and fails to indicate how a particular access barrier affected Williams's mobility so as to deny her full and equal access to the liquor store. For example, if the sole problem is that the disabled parking signage and markings are insufficient, but the lack of signage did not somehow prevent Williams from accessing the business, then Williams has not actually encountered an access barrier, has not been denied full and equal access, and has not been denied accommodation. By contrast, if there is no disabled parking space altogether and as a result Williams was unable to park and safely exit her vehicle, then Williams may have been denied accommodation. The fundamental lack of clarity regarding the barriers Williams personally encountered casts confusion on the nature of ADA violations she alleges in the Complaint.

Williams's failure to allege the denial of full and equal access not only causes the failure of a statutory element of Williams's ADA claim; it also deprives her of Article III standing. To satisfy the injury-in-fact requirement for Article III standing, a plaintiff alleging ADA construction access barriers must have personally suffered discrimination under the ADA on account of his or her disability. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (finding plaintiff failed to satisfy the injury-in-fact requirement, where plaintiff merely alleged ADA Accessibility Guidelines violations without alleging how he was denied full and equal access to defendant's establishment). Similarly, here, Williams does not allege or explain how she personally suffered discrimination and incurred an injury-in-fact as a result of the asserted violations.

For these reasons, the fact that Williams failed to allege or demonstrate that she was denied full and equal access to the liquor store causes a failure of the second and third *Eitel* factors and is the first basis on which the Court denies the Motion.

**B.  Williams makes no attempt to show how correcting the ADA violations is readily achievable.**

The second basis for denying the Motion is the lack of allegations and evidence that correcting the alleged violations is readily achievable. "Removal of an architectural barrier is readily achievable if it is easily accomplishable and able to be carried out without much difficulty or expense." *Acosta v. Martinez,* No. 1:19-cv-00307-AWI-EPG, 2020 WL 1026890, at *7 (E.D. Cal. Mar. 30, 2020) (internal quotation marks omitted) (citing 42 U.S.C. § 12181(9)). In a recent matter of first impression, the Ninth Circuit found that "to satisfy their initial burden, ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020). Under this approach, plaintiffs bear the initial burden of "articulat[ing] a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits.'" *Id.* (quoting *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 138 (2d Cir. 1995)).

Even before *Lopez*, district courts in the Ninth Circuit regularly required plaintiffs moving for default judgment to make the "readily achievable" showing, either with well-pleaded factual allegations or evidence. *See, e.g., Sceper v. Trucks Plus*, No. CIV S-09-0801 GEB EFB, 2009 WL 3763823, at *3 (E.D. Cal. Nov. 3, 2009) (noting this burden-shifting framework is appropriate, especially in context of default judgment proceedings where defendants have not appeared). Following *Lopez*, it is now unmistakable that the plaintiff bears this initial burden, meaning that conclusory allegations regarding readily achievable removal of a barrier are insufficient in the default judgment setting. *See, e.g.*, *Soto v. Doublz of El Monte, Inc.* ("*Doublz*"), No. CV 20-10296 FMO (SKx), 2021 WL 4733761, at *2 n.4 (C.D. Cal. Aug. 23, 2021); *Soto v. Rio Gary II, L.P.* ("*Rio Gary*"), No. 2:21-cv-02829-ODW (MAAx), 2022 WL 112047, at *4 n.3 (C.D. Cal. Jan. 12, 2022) (Wright, J.). Moreover, Williams's counsel is well aware of the change in law following *Lopez*. *See Doublz*, 2021 WL 4733761, at *1

(involving the same counsel as in the present case and stating *Lopez* decision predated plaintiff's motion for default judgment by five months), *2 n.4 (making clear that *Vogel*'s treatment of this issue is outdated). In fact, this Court previously informed Williams's counsel that it "expects [the] firm to incorporate this change in any future briefs, and to refrain from citing law that no longer applies." *Rio Gary*, 2022 WL 112047, at *4 n.3. However, in filing the present Motion, Williams's counsel again ignores the applicability of *Lopez*.

Counsel also appears to have ignored the clear directive of other courts in the Central District of California. In *Walker v. Pidluk, Inc.*, No. 2:21-cv-1482-RSWL (AGRx), 2022 WL 2062332, at *3 n.1 (Lew, J.) (C.D Cal. May 10, 2022), the court observed that "Plaintiff's counsel should be well aware of the Ninth Circuit's recent burden-shifting scheme under *Lopez*, as other courts in this district have denied nearly identical motions for default judgment filed by Plaintiff's counsel on this very issue." That court, like this Court, "warn[ed] Plaintiff and his counsel that subsequent faulty motions for default judgment will bear the same fate as this one and that counsel may face sanctions if these filings continue." *Id.*; *cf. Yiun v. Phillips*, No. 2:21-cv-07504-AB (KESx), 2022 WL 2204140, at *5 (Birotte, J.) (C.D. Cal. Jan. 26, 2022) ("Indeed, there is no difference between the motions for default judgment rejected in *Dunn, Doublz of El Monte, Sook Ahn*, and *Rio Gary II*, and Plaintiff's Motion before this Court.").

Here, both the Complaint and the Motion are devoid of any fact-specific discussion regarding whether correcting the alleged ADA violations would be readily achievable for P.I. Properties. The Complaint contains only boilerplate language indicating that "Defendants . . . have the financial resources to remove these barriers without much difficulty or expenses to make the [liquor store] accessible to the physically disabled in compliance" with the ADA. (Compl. ¶ 17.) Courts are to disregard boilerplate, generalized allegations such as these because they fail to place the defendant on notice of exactly what the plaintiff is arguing the defendant must do.

Williams presents no facts and instead asks the Court to simply assume she has satisfied the "readily achievable" requirement, which, after *Lopez*, the Court may not do. 974 F.3d at 1038. Indeed, the current iteration of Williams's counsel's default judgment brief takes a step backward in this regard by citing not only to *Vogel* but also to a second pre-*Lopez* case, *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1133, n.7 (E.D. Cal. 2007), *abrogated by Lopez*, 974 F.3d at 1039. (Mem. ISO Mot. 4.) As with *Vogel*, *Wilson*'s discussion regarding the "readily achievable" requirement is no longer good law in light of *Lopez*. 974 F.3d at 1037–39. For all these reasons, and as described in more detail below, the Court orders Williams's counsel to show cause by appearing at a hearing regarding monetary sanctions for violating (1) Rule 11(b)(2) regarding frivolousness and (2) counsel's ethical duties, including counsel's duty of candor to the court, Cal. R. Prof'l Conduct 3.1(a)(2), 3.3(a)(2). The Court is considering monetary sanctions of an amount up to $8,001, or three times the requested amount of attorneys' fees.

Williams's failure to advance any argument regarding readily achievable removal casts substantial doubt on the merits of her claim and is the second basis for denying the Motion.

**C.  Williams fails to allege or show that P.I. Properties is responsible for the parking space and parking space violations.**

As set forth above, the second element of an ADA claim is that the defendant owns, leases, or operates a place of public accommodation. *Rivera*, 438 F. Supp. 3d at 1074. Such a defendant violates the ADA when the defendant *fails to remove* an architectural barrier. 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, in examining the merits of an ADA claim, the Court must ask (1) whether the defendant owns, leases, or operates the premises in question, and (2) whether that relationship (between the owner/lessee/operator, on one hand, and the premises, on the other hand) makes that defendant responsible for the ADA violation. This second inquiry exists because if a defendant's relationship with a property is such that the defendant is not responsible for

a particular architectural barrier (such as the case where a defendant is prohibited by contract or some other law from correcting the barrier), then the defendant cannot be said to have failed to remove the barrier.

Williams's Complaint and Motion fail this two-part inquiry because Williams fails to show that P.I. Properties is responsible for the disabled parking space. Williams alleged in generalized, ambiguous terms that P.I. Properties was the owner, operator, lessor, or lessee of the property. (Compl. ¶ 2.) Williams further alleged in conclusory terms that "Defendants had and still have control and dominion over the conditions at this location." (*Id.* ¶ 17.) These allegations are insufficient to place P.I. Properties on notice of the nature of the relationship Williams alleges exists between P.I. Properties and the property.

Although Williams's counsel submitted a declaration containing a paragraph that provides some quantum of evidence that P.I. Properties owns the real property at 16024 Amar Rd., (Decl. Jason J. Kim ISO Mot. ¶ 4, ECF No. 23-2), the statement is laden with hearsay and remains insufficient to complete the inquiry. Without competent, case-specific information about the relationships existing among P.I. Properties, the property, and the alleged disabled parking space, the Court cannot verify that P.I. Properties is responsible for the parking space violation—that is, that P.I. Properties failed to remove the alleged barriers. *See Hernandez v. Caliber Bodyworks LLC*, No. 21-cv-05836-EMC, 2022 WL 1002450, at *6 (N.D. Cal. Apr. 4, 2022) ("The Central District of California has repeatedly denied motions for default judgment where the plaintiffs had failed to establish that the defendants provided public parking."); *Kong v. Image of Beverly Hills, LLC*, No. 2:20-cv-02175-ODW (MRWx), 2020 WL 6701441, at *3 (C.D. Cal. Nov. 13, 2020) ("[Plaintiff] also does not allege that the Shopping Center provides parking to its customers such that the lack of accessible parking would constitute an architectural barrier under the ADA.").

For these reasons, Williams's allegations and evidence are insufficient to show that P.I. Properties is responsible for failing to remove the alleged barriers. This constitutes a third independent basis for denying Williams's Motion.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Default Judgment. (ECF No. 23.) Furthermore, the Court **ORDERS** Plaintiff's counsel to appear in person on **November 21, 2022, at 2:30 p.m.** in Courtroom 5D **TO SHOW CAUSE** why a sanction in the amount of up to **$8,001** should not be imposed on counsel for repeatedly citing to law that was abrogated by *Lopez v. Catalina Channel Express*. Plaintiff's counsel may, but is not required to, submit a supplemental brief and evidence on the sanctions issue by no later than **November 7, 2022.** However, the filing of any such materials does not excuse counsel from appearing in person. Lead trial counsel (Jason J. Kim or Jason Yoon) must appear at the hearing. Failure to appear as directed will result in the imposition of the contemplated monetary sanction.

**IT IS SO ORDERED.**

October 31, 2022

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　**OTIS D. WRIGHT, II
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE**

11