SO. CAL. EQUAL ACCESS GROUP
Jason J. Kim (SBN 190246)
Jason Yoon (SBN 306137)
101 S. Western Ave., Second Floor
Los Angeles, CA 90004
Telephone: (213) 252-8008
Facsimile: (213) 252-8009
scalequalaccess@yahoo.com

Attorneys for Plaintiff,
LATANYA WILLIAMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATANYA WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>P.I. PROPERTIES NO. 42, L.P.; and DOES 1 to 10,<br><br>　　　　Defendants. | **Case No.: 2:22-cv-05023-ODW (JPRx)**<br>**Assigned to Hon. Otis D. Wright II**<br><br>PLAINTIFF'S COUNSEL'S SUPPLEMENTAL BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE RE: MONETARY SANCTIONS<br><br>Hearing Date:　　November 21, 2022<br>Hearing Time:　　2:30 P.M.<br>Courtroom:　　　5D<br><br>Case Filed:　July 21, 2022 |

　　　　Plaintiff's counsel hereby submits the following supplemental brief in response to this Court's Order to Show Cause ("OSC") [ECF No. 24] why Plaintiff's counsel should not be monetarily sanctioned and respectfully state as follows:

　　　　On October 03, 2022, Plaintiff filed the motion for default judgment ("Motion") [ECF No. 23].  On October 31, 2022, the Court denied Plaintiff's Motion and issued the OSC "why a sanction in the amount of up to $8,001 should not be imposed on counsel for repeatedly citing to law that was abrogated by *Lopez v. Catalina Channel Express, Inc.*"

1  (OSC, Page 11, Lines 8-9).  The Court cites Federal Rules of Civil Procedure 11(b)(2)
2  regarding frivolousness and Cal. R. Prof'l Conduct 3.1(a)(2) & 3.3(a)(2) as its basis for
3  setting the OSC.
4       Plaintiff's counsel admittedly **but inadvertently** did not replace older case law
5  with newer case law as to the shifting of the initial burden of proof of the readily
6  achievable requirement to Plaintiff.  See <u>Lopez v. Catalina Channel Express, Inc.</u>, 974
7  F.3d 1030, 1038 (9th Cir. 2020).  As stated in the declaration, Jason J. Kim, Esq.
8  ("KIM") assumed that the template for the motion for default judgment was modified to
9  include the replacement of older case law with the *Lopez* decision after directing Jason
10 Yoon, Esq. ("YOON") to do so at the end of May of 2022 (<u>See</u> Declaration of Jason J.
11 Kim ("Decl. KIM"), Par. 2).  In mid-late May of 2022, KIM was aware of the other
12 Court's ruling in its denial of the previous motion for default judgment in *Walker v.*
13 *Pidluk, Inc.*, No. 2:21-cv-1482-RSWL (AGRx), 2022 WL 2062332, which is why KIM
14 directed YOON to modify the aforementioned template.  According to his declaration,
15 YOON thought he modified the template to include the *Lopez* decision but YOON likely
16 forgot to save the .WORD documents for the template, leaving old case law unchanged in
17 the template (<u>See</u> Declaration of YOON ("Decl. YOON"), Par. 5).  As a result, KIM
18 drafted and filed the Motion as well as other motions for default with other courts without
19 being aware of the lack of inclusion of the *Lopez* citation until this Court's OSC since the
20 other courts' orders of denial of motions starting from motions filed starting from the end
21 of May of 2022 did not point out the lack of *Lopez* citation (<u>See</u> Decl. KIM, Par. 3).
22      As stated in KIM's declaration, KIM is deeply apologetic to the Court for failing to
23 include the *Lopez* citation in its Motion, and will ensure that the future motions for
24 default judgment with the Court will include the *Lopez* citation (<u>See</u> Id., Par. 4).  YOON
25 is also deeply apologetic to the Court for his inadvertence and lack of attentiveness as to
26 making sure the template was properly modified (<u>See</u> Decl. YOON, Par. 6).  As a token
27 of utmost respect to the Court, Plaintiff expects to file a notice of voluntary dismissal
28 relatively soon as a result of full and complete settlement of the above-entitled action.

Plaintiff Counsel's Supplemental Brief in Response to Order to Show Cause - 2

Plaintiff's counsel is hopeful that the settlement of the entire action as well as the impending notice of voluntary dismissal will be a mitigating factor for the Court's consideration.

## CONCLUSION

WHEREFORE, Plaintiff's counsel respectfully requests the Court not to monetarily sanction Plaintiff's counsel since the lack of *Lopez* ruling in the Motion was a pure mistake without any intention whatsoever to mislead the Court. Again, Plaintiff's counsel will ensure from this point on that this error will never occur ever again. Plaintiff's counsel further sincerely apologizes for the time and effort expended by the Court in drafting and setting this in-person Order to Show Cause.

Dated: November 7, 2022         SO. CAL. EQUAL ACCESS GROUP

                                By:   */s/ Jason J. Kim*
                                      Jason J. Kim, Esq.
                                      Jason Yoon, Esq.
                                      Attorneys for Plaintiff