UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-05023-ODW (JPRx) | Date | November 15, 2022 |
|---|---|---|---|
| Title | *Latanya Williams v. P.I. Properties No. 42, L.P.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings (In Chambers):**     **ORDER TO SHOW FURTHER CAUSE re: Sanctions**

    The Court received and reviewed Plaintiff's counsel's November 14, 2022 Declaration, filed in response to the Court's November 8, 2022 Order to File Supplemental Materials. (Decl. Jason J. Kim re: Other Mots., ECF No. 32.) Based on the information contained therein, the Court observes that each of the fifteen default judgment motions recently filed in the Central District of California by Plaintiff's firm fail to mention *Lopez v. Catalina Channel Express*, 974 F.3d 1030 (9th Cir. 2020), and continue to cite *Vogel v. Rite Aid*, 992 F. Supp. 2d 998 (C.D. Cal. 2014), which, as Plaintiffs' counsel is aware, was abrogated by *Lopez*. At least some of the fifteen motions are based on the exact same template counsel used for the default judgment motion in the present matter; none of the motions address the requirement under *Lopez* that the plaintiff articulate a plausible proposal for barrier removal.

    The Court finds these observations highly concerning and confusing. The declarations Plaintiff's counsel filed in this matter in response to the Court's original Order to Show Cause, (Decl. Jason J. Kim, ECF No. 27-1; Decl. Jason Yoon ("Yoon Decl."), ECF No. 27-2), indicate that the reason an outdated default judgment brief was filed in the present matter is because counsel mistakenly used an outdated, pre-*Lopez* template. (Yoon Decl. ¶ 5 "I did modify the template but I must have forgotten to save the .WORD document for the template, which resulted in the old case law remaining without the *Lopez* ruling included.").) But if this is true, then the Court would expect to see that the default judgment motions recently filed by Plaintiffs' counsel in other cases were filed pursuant to a template prepared after, and in light

of, *Lopez*. (*Cf. id.* ¶ 6 ("I have made sure that the new template for motions for default judgment was properly saved after replacing the older case law with the *Lopez* decision. . . . This Court will not witness the same error again in any future motions for default judgment.").) Instead, what the Court sees, repeatedly, is the exact same template that was filed in the present matter. This casts very serious doubt on whether the failure to engage with *Lopez* in the present case was truly due to a "technical error," as counsel asserts. (Decl. Jason J. Kim ¶ 4.)

Accordingly, Plaintiff's attorneys are **ORDERED TO SHOW FURTHER CAUSE**, in writing only, to be received by the Court no later than **November 18, 2022**, why the Court should not impose the previously discussed $8,001 sanction on the additional basis of misrepresentations in the sworn Declarations of Counsel filed in this matter on November 7, 2022. All other dates, deadlines, hearings, and orders remain in full force and effect.

**IT IS SO ORDERED.**

                                                                                                                                   :   00

                                                                Initials of Preparer   SE