SO. CAL. EQUAL ACCESS GROUP
Jason J. Kim (SBN 190246)
Jason Yoon (SBN 306137)
101 S. Western Ave., Second Floor
Los Angeles, CA 90004
Telephone: (213) 252-8008
Facsimile: (213) 252-8009
scalequalaccess@yahoo.com

Attorneys for Plaintiff,
LATANYA WILLIAMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATANYA WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>P.I. PROPERTIES NO. 42, L.P.; and DOES 1 to 10,<br><br>　　　　Defendants. | **Case No.: 2:22-cv-05023-ODW (JPRx)**<br>**Assigned to Hon. Otis D. Wright II**<br><br>PLAINTIFF'S COUNSEL'S RESPONSE TO ORDER TO SHOW FURTHER CAUSE RE: MONETARY SANCTIONS<br><br>Hearing Date:　November 21, 2022<br>Hearing Time:　11:00 A.M.<br>Courtroom:　　5D<br><br>Case Filed:　July 21, 2022 |

Plaintiff's counsel hereby submits the following response to this Court's Order to Show Further Cause ("OSFC") [ECF No. 33] why Plaintiff's counsel should not be monetarily sanctioned and respectfully state as follows:

1.　On October 03, 2022, Plaintiff filed the motion for default judgment ("Motion") [ECF No. 23]. On October 31, 2022, the Court denied Plaintiff's Motion and issued the Order to Show Cause "why a sanction in the amount of up to $8,001 should not be imposed on counsel for repeatedly citing to law that was abrogated by *Lopez v. Catalina Channel Express, Inc.*" ("OSC") (OSC, Page 11, Lines 8-9). On November 07,

2022, Plaintiff's counsel filed a supplemental brief with two accompanying declarations with the Court [ECF No. 27]. The next day, the Court ordered Plaintiff's counsel to file a declaration listing the fifteen (15) most recent default judgment motions Plaintiff's firm has filed in the Central District of California on behalf of any plaintiff before any judge [ECF No. 29], which was filed by Plaintiff's counsel on November 14, 2022 [ECF No. 32]. Then, on November 15, 2022, the Court set the OSFC due to the Court's belief that the declarations of counsel dated November 07, 2022 contained misrepresentations.

  2. Plaintiff's counsel asserts that there was no misrepresentation in both declarations of counsel and hereby provides clarification to clear up any confusion. As stated in the Declaration of Jason J. Kim ("KIM") in Support of the Response to OSFC re Monetary Sanctions ("Decl. KIM OSFC"), KIM clarified the representation related to being unaware of the lack of inclusion of the *Lopez* case decision and citation in the original Supplemental Brief filed on November 07, 2022:

> As a result, KIM drafted and filed the Motion **as well as other motions for default with other courts** without being aware of the lack of inclusion of the *Lopez* citation until this Court's OSC since the other courts' orders of denial of motions starting from motions filed starting from the end of May of 2022 did not point out the lack of *Lopez* citation (See Decl. KIM, Par. 3).
> (emphasis added) (Supplemental Brief, Page 2, Lines 17-21).

Decl. KIM OSFC, ¶ 2. KIM did not include this language in KIM's original declaration since it seemed irrelevant to the Court's original inquiry, but it was included in the Supplemental Brief in the event clarification was needed. See *Id*. This language meant to provide more information as to KIM's drafting and filing of the Motion as well as other motions for default with other courts, including recent default judgment motions Plaintiff's firm has filed in the Central District of California on behalf of any plaintiff before any judge starting from the end of May of 2022 until this Court's OSC dated October 31, 2022. See *Id*. The same motion template was inadvertently used until the template was only saved with the new

*Lopez* caselaw revision after the date of this Court's OSC dated October 31, 2022. See Decl. KIM OSFC, ¶ 2.

3. For further clarification, YOON stated in the Declaration of Jason Yoon ("YOON") in Support of the Response to OSFC re Monetary Sanctions ("Decl. YOON OSFC") that YOON made sure that the new template for motions for default judgment was properly revised and saved with the *Lopez* caselaw and decision after the Court's OSC on October 31, 2022. See Decl. YOON OSFC, ¶ 4). The latest motion filed on behalf of any plaintiff before any judge in the Central District of California up until November 14, 2022 was filed on October 27, 2022, taking place before the Court's OSC on October 31, 2022. See *Id.* This is why the Court did not see that the default judgment motions recently filed by plaintiffs' counsel in other cases were filed pursuant to a template containing *Lopez* case law due to the saved, revised template being created after October 31, 2022. Thus, there was no misrepresentation by Plaintiff's counsels in their declarations dated November 07, 2022.

4. Plaintiff's counsel apologizes for not being clearer in his previous declaration resulting in the confusion and concern of the Court. See Id., ¶ 5. Plaintiff's counsel also apologizes for the time and effort expended by the Court in setting this OSFC and is thankful for the Court for allowing Plaintiff's counsel to clarify the representations contained in both declarations dated November 07, 2022 (See Decl. KIM OSFC, ¶ 4).

WHEREFORE, Plaintiff's counsel respectfully requests the Court not to monetarily sanction Plaintiff's counsel since there was no misrepresentation by Plaintiff's counsels and the lack of *Lopez* ruling in the Motion as well as other motions was a pure mistake without any intention to mislead the Court. Again, Plaintiff's counsel further sincerely apologizes for the time and effort expended by the Court in setting the OSC and OSFC.

\\

Dated: November 18, 2022                SO. CAL. EQUAL ACCESS GROUP

                                        By:   */s/ Jason J. Kim*
                                              Jason J. Kim, Esq.
                                              Jason Yoon, Esq.
                                              Attorneys for Plaintiff