O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| LATANYA WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P.I. PROPERTIES NO. 42, L.P.,<br><br>　　　　　Defendant. | Case № 2:22-cv-05023-ODW (JPRx)<br><br>**ORDER SANCTIONING SO CAL EQUAL ACCESS GROUP IN THE AMOUNT OF $8,001 (FRCP 11) AND DISMISSING CASE PURSUANT TO SETTLEMENT** |

## I.　INTRODUCTION

After Plaintiff Latanya Williams moved for default judgment against Defendant P.I. Properties No. 42, L.P. for construction access barrier-related violations of the Americans with Disabilities Act of 1990 ("ADA"), (Mot. Default J. ("Mot."), ECF No. 23-1), the Court ordered Williams's attorneys and their firm, the So Cal Equal Access Group, to show cause regarding monetary sanctions in light of the firm's repeated reliance on outdated law, (Order to Show Cause ("OSC") 11, ECF No. 24). Based on the responses counsel filed and the record of the case, and pursuant to Federal Rule of Civil Procedure ("Rule") 11, the Court **SANCTIONS** the So Cal Equal Access Group in the amount of $8,001, to be paid to the Court.

## II. BACKGROUND

Williams uses a wheelchair due to medical conditions that significantly impair her mobility. (Compl. ¶ 1, ECF No. 1.) In May 2022, Williams visited the subject property, a liquor store. (*Id.* ¶¶ 10–11.) Williams alleges that P.I. Properties failed to provide a disabled parking space that complies with the ADA. (*Id.* ¶¶ 24–26.)

Williams initiated this action against P.I. Properties asserting five causes of action: (1) violation of the ADA, (2) violation of the California Unruh Civil Rights Act, (3) violation of the California Disabled Persons Act, (4) violation of California Health & Safety Code § 19955, and (5) negligence. (*Id.* ¶¶ 18–49.) The Court declined to exercise supplemental jurisdiction over the state-law claims (claims two through five) and dismissed those claims without prejudice, leaving only the ADA claim at issue. (Order Declining Suppl. Jurisdiction, ECF No. 15.) Upon Williams's request, the Clerk entered default against P.I. Properties. (Default by Clerk, ECF No. 22.)

Williams moved for default judgment against P.I. Properties, seeking an injunction under the ADA and attorneys' fees and costs in the amount of $2,667. (*See* Mot. 5.) The Court denied the motion for multiple independent reasons; for the purposes of this Order, the most important of those reasons was that Williams failed to address her burden under *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020), and instead cited to two cases—*Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1133 n.7 (E.D. Cal. 2007) and *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1010–11 (C.D. Cal. 2014)—for a proposition that *Lopez* directly abrogated. (*See* OSC 8.)

Under *Lopez*, "to satisfy their initial burden, ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." 974 F.3d at 1038. Under this approach, plaintiffs bear the initial burden of "articulat[ing] a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits.'" *Id.* (quoting *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 (2d Cir. 2008)). Here, in denying Williams's Motion for

Default Judgment, the Court observed that "Williams presents no facts and instead asks the Court to simply assume she has satisfied the 'readily achievable' requirement, which, after *Lopez*, the Court may not do." (OSC 8.) The Court further noted that, since May 2022, in ruling on the So Cal Equal Access Group's other default judgment motions, both this Court and other judges in the Central District of California have pointed out the So Cal Equal Access Group's repeated citation of law that *Lopez* abrogated. (*Id.* at 7–8.) Based thereon, the Court ordered Williams's attorneys "to show cause by appearing at a hearing regarding monetary sanctions for violating (1) Rule 11(b)(2) regarding frivolousness and (2) counsel's ethical duties, including counsel's duty of candor to the court, Cal. R. Prof'l Conduct 3.1(a)(2), 3.3(a)(2)." (*Id.* at 9.) The Court provided notice of sanctions of up to $8,001, based on three times the amount of attorneys' fees Williams's attorney requested. (*Id.*)

Upon receipt of counsel's OSC Response, (OSC Resp., ECF No. 27), the Court ordered counsel to file a list of the fifteen most recent default judgment motions they had filed in the Central District of California, (Order File Suppl. Materials, ECF No. 29). Counsel filed that list on November 14, 2022. (Default J. Mot. List, ECF No. 32.) Based on those materials, the Court ordered counsel to show further cause regarding possible misrepresentations in their sworn declarations. (Order to Show Further Cause ("OSFC"), ECF No. 33.) On Friday, November 18, 2022, counsel filed a Response to the OSFC. (OSFC Resp., ECF No. 34.)

### III.  LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure provides in relevant part that that, by presenting a signed filing to the court, an attorney "certifies" that (1) the filing is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) the filing's "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" [and] (3) the filing's "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(1),

(2), (3). When a party or attorney violates Rule 11(b), the court can impose an "appropriate sanction," including a monetary sanction, "after notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). A Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Courts may act sua sponte to impose Rule 11 sanctions on an attorney. *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115–16 (9th Cir. 2001); *see* Fed. R. Civ. P. 11(c)(3). In so doing, the court is required to give the attorney "notice and an opportunity to respond." *Matsumaru v. Sato*, 521 F. Supp. 2d 1013, 1016 (D. Ariz. 2007). Moreover, when a court is considering Rule 11 sanctions, the "safe harbor" provisions that would otherwise allow an offending party twenty-one days to correct their error do not apply. *R&D Latex*, 242 F.3d at 1116. Importantly, sua sponte sanctions "will ordinarily be issued only in situations that are akin to a contempt of court." *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) (quoting Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment).[1]

## IV.   DISCUSSION

The Motion for Default Judgment Williams filed in this matter is signed by her counsel of record, Jason J. Kim, and is therefore subject to Rule 11. (*See* Mot. 9.) The principal issue here is whether counsel's legal contentions in Williams's Motion for Default Judgment regarding the "readily achievable" requirement "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" or otherwise have an "improper purpose."

---

[1] Rule 11(c)(5) prohibits courts from imposing monetary sanctions where the party or its attorney voluntarily dismissed or settled the claims at issue before the Court issued its show-cause order under Rule 11(c)(3). Here, the Court issued its original show-cause order at 1:23 PM on October 31, 2022, which was over three hours before Williams voluntarily dismissed the case, at 4:49 PM the same day.

4

Fed. R. Civ. P. 11(b)(1), (2). As explained below, the Court finds that Williams's attorneys' reasons for filing a legally unsound, outdated default judgment brief are insufficient, such that the filing of the brief constitutes sufficient basis for imposing Rule 11 monetary sanctions.

A secondary, but nevertheless important, issue is whether counsel's factual contentions regarding the reasons they filed an outdated brief in this matter "have evidentiary support." Fed. R. Civ. P. 11(b)(3). As explained below, the list of fifteen default judgment motions and counsel's OSFC Response provide this Court with sufficient basis to find that counsel has not been forthright with the Court in its reasons for filing an outdated brief in this case.

**A.     OSC Response—Reasons for Outdated Default Judgment Brief**

First, counsel's OSC Response is meager; Attorney Kim attributes the filing of the outdated brief to a "technical issue" and an error on the part of Attorney Yoon. (*See* Decl. Jason J. Kim ISO OSC Resp. ¶ 3, ECF No. 27-1 ("My failure to ensure that the *Lopez* decision was included . . . was entirely due to my inadvertence and pure mistake. It was absolutely not my intention to deceive the Court . . . ."); Decl. Jason Yoon ISO OSC Resp. ("Yoon Decl.") ¶ 5, ECF No. 27-2 ("When revising the template for the motions for default judgment . . . , I thought that I had already replaced the previous case law with . . . . *Lopez* . . . . To the best of my recollection, I did modify the template but I must have forgotten to save the .WORD document for the template . . . .").) Yoon promises that "[t]his Court will not witness the same error again in any future motions for default judgment." (Yoon Decl. ¶ 6.)

Counsel admits that the So Cal Equal Access Group filed the outdated brief in many of their other ADA cases since this Court first pointed out the outdated law in May 2022 in *Soto v. Rio Gary II, L.P.* ("*Rio Gary*"), No. 2:21-cv-02829-ODW (MAAx), 2022 WL 112047, at *4 n.3 (C.D. Cal. Jan. 12, 2022) (Wright, J.). The reason they did not discover the error until recently, they assert, is because "other courts' orders of denial of motions . . . filed starting from the end of May of 2022 did not point out the

lack of *Lopez* citation." (OSC Resp. 2.) Of course, this Court's concern goes beyond the mere lack of a citation to *Lopez*; the concern is that *Lopez*, a Ninth Circuit case, directly contradicts case law counsel previously cited, and *Lopez* thus directly undermines the merit of the So Cal Equal Access Group's default judgment motions. Cal. R. Prof'l Conduct 3.3(a)(2) ("A lawyer shall not . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel . . . .").[2] Moreover, counsel's purported mistake is not an acceptable excuse in this case. Whatever workflow may exist between two attorneys, when an attorney's name is on a court filing, it is that attorney's responsibility to ensure that all law cited in that filing is good, up-to-date law. Cal. R. Prof'l Conduct 3.1(a)(2), 3.3(a)(2). The Court cannot conclude that affixing an attorney signature dozens of times to a brief containing clearly outdated law constitutes a mistake made in good faith.

Rule 11 sanctions may be imposed, and will be upheld, where an attorney's omission of case law renders the attorney's argument frivolous. *United States v. Stringfellow*, 911 F.2d 225, 226 (9th Cir. 1990). Here, sanctions are appropriate because, by omitting *Lopez* and continuing to ask this Court to enter default judgment as if *Lopez* had never issued, Williams's attorneys make a frivolous argument. *Lopez* requires plaintiffs to articulate a plausible proposal for barrier removal as part of their prima facie case. 974 F.3d at 1038. Instead of citing or otherwise accounting for *Lopez*, counsel did just the opposite: they cited abrogated cases holding that articulating a plausible proposal for barrier removal is *not* part of the prima facie case and is instead an affirmative defense that a defendant may choose to raise. By ignoring *Lopez* and failing to articulate a plausible proposal for barrier removal, Williams lacks any basis whatsoever for claiming that she has made a prima facie case under the ADA. Absent

---

[2] "Attorneys appearing before the federal courts in the Central District of California must adhere to California laws and ethical rules." *Doe v. Fitzgerald*, No. 2:20-10713-MWF (RAOx), 2022 WL 4596557, at *5 (citing *Rodriguez v. Disner*, 688 F3d 645, 656 (9th Cir. 2012)); C.D. Cal. L.R. 83-3.1.2.

an attempt to meet her burden under *Lopez*, Williams's Motion is frivolous, and Rule 11 sanctions against her attorneys are appropriate.

The filing of the outdated brief in this case provides sufficient basis for the imposition of sanctions pursuant to Rule 11.

**B.    Order to File Supplemental Materials & OSFC Responses—Reconciling Asserted "Technical Error" with Repeat Filings of Same Incorrect Brief in Other Cases**

In addition to the foregoing basis for sanctions, counsel's responses to the Court's subsequent orders regarding potential misrepresentations in their OSC Response provide further basis for sanctions and bring counsel's conduct well within the akin-to-contempt standard. *Barber*, 146 F.3d at 711.

The Court instructed counsel to file a list of the fifteen most recent default judgment motions the So Cal Equal Access Group has filed in any of its construction access barrier cases in the Central District. (Order File Suppl. Materials.) Counsel provided that list. (*See* Default J. Mot. List.) Each motion on counsel's list relies on the same outdated template used in this case—the template that cites *Wilson* and *Vogel* for the key legal proposition that *Lopez* supplanted, as discussed above. (*Id.*) Counsel declares that the So Cal Equal Access Group drafted an updated brief in May 2022, but due to an error in saving the template, the firm continued to file the outdated brief in this and at least fourteen other cases. (OSC Resp. 2; Yoon Decl. ¶ 5.)

Shortly before counsel filed their list of fifteen cases pursuant to the Court's Order to File Supplemental Materials, the So Cal Equal Access Group dismissed all the cases on that list that had a default judgment motion pending. To clarify and emphasize this point: counsel for the So Cal Equal Access Group did <u>not</u> dismiss these cases when the Court first issued its original OSC on October 31, 2022, pointing out the *Lopez* problem and reminding counsel that the Court alerted them to this issue as early as May 2022. Counsel still had not dismissed those cases at the time they filed their two declarations here purporting to explain the so-called "technical error" and

acknowledging that the error was replicated in the other cases. Counsel dismissed the cases only *after* the Court ordered them to provide a list of cases. The Court finds this conduct difficult to reconcile. Counsel was undoubtedly aware, at the time they filed the original OSC Response in this case, that their outdated brief had been filed in numerous other cases; counsel expressly admitted as much.[3] (OSC Resp. 2:17–21.) It is unclear to the Court why counsel did not withdraw the outdated brief in these cases, or dismiss these cases, immediately upon realizing they had filed an outdated brief, and instead waited an additional two weeks, until the Court required counsel to disclose the other cases. This litigation conduct suggests that the filing of the outdated briefs in the other cases was intentional, not erroneous.[4]

Finally, the Court notes that, in two recent So Cal Equal Access Group construction access barrier cases assigned to this Court, the default judgment motion deadlines were approaching, but just before the motions became due, the firm dismissed the two cases, on November 15, 2022, and November 16, 2022 respectively. Notice of Voluntary Dismissal, *Elliott v. Janosevic*, No. 2:22-cv-04573-ODW (AGRx), ECF No. 18 (C.D. Cal. filed Nov. 15, 2022); Notice of Voluntary Dismissal, *Raglin v. DKK Grp., LLC*, No. 2:22-cv-05856-ODW (PDx), ECF No. 18 (C.D. Cal. filed Nov. 16, 2022). In both cases, counsel did not indicate that dismissal was pursuant to any settlement; instead, the dismissals both appear to be unilateral, without-prejudice dismissals made at the plaintiff's sole request. The Court finds these observations difficult to reconcile with counsel's representation that a legally sound, updated brief

---

[3] This observation applies to the fourteen cases counsel disclosed and many more cases beyond that. Counsel's list of cases with recently filed default judgment motions spans mid-September 2022 to the end of October 2022. By this Court's count, the So Cal Equal Access Group filed a total of thirty-eight default judgment motions between May 2, 2022, and October 31, 2022. Without examining each of these motions by hand, and based on Attorney Yoon's admission that he did not save the updated brief as the template for the firm, it is reasonable to assume that the outdated brief was filed in all of these cases as well.

[4] To be clear, the Court does not impose sanctions on the basis of counsel's litigation conduct before other courts. Instead, the Court discusses counsel's litigation conduct before other courts as part of the Court's exploration of whether counsel has made misrepresentations to this Court.

8

has been available since May 2022; if such a brief were indeed drafted and available, the Court would have expected counsel to file it, as was their historic practice, rather than to dismiss these cases.

The foregoing provides the Court with sufficient basis to find that Williams's attorneys have made misrepresentations to the Court, either by way of affirmative misrepresentations or material omissions, regarding the genesis and existence of the So Cal Equal Access Group's updated default judgment brief template. This finding constitutes an additional basis on which to impose monetary sanctions.

**C.    Appropriateness of Monetary Sanction**

In summary, the record contains sufficient evidence of violations of Rule 11, such that the full sanction of $8,001, imposed on the So Cal Equal Access Group only, is appropriate based on the continued filing of legally unsound default judgment briefs and the lack of meaningful explanation for doing so. *See Premier Comm. Corp. Ltd. v. FMC Corp.*, 139 F.R.D. 670, 672 (N.D. Cal. 1991) (finding a Rule 11 violation where attorney misrepresented in brief that Ninth Circuit had not adopted a certain legal test articulated by the Second Circuit when in fact the Ninth Circuit had adopted said test verbatim); *see also Roe v. Nevada*, 621 F. Supp. 2d 1039, 1061 (D. Nev. 2007) (imposing sua sponte Rule 11 sanctions on plaintiff's counsel on basis of incorrect legal citations and references to record, typos and incomplete sentences, undeveloped and nonresponsive arguments, single-spaced formatting, and failure to provide pinpoint citations in briefs). Sanctions are further justified based on the indications in the record that counsel made material misrepresentations to the Court regarding the genesis and existence of the updated default judgment brief template. The Court finds this monetary sanction to be appropriate and necessary to deter future similar violations by the So Cal Equal Access Group and other law firms.

///

///

///

## V. CONCLUSION

For the foregoing reasons, the Court **SANCTIONS** the So Cal Equal Access Group in the amount of <u>eight thousand and one dollars ($8,001)</u>, payable to the Clerk of the Court. Counsel shall file a Proof of Payment with this Court no later than **December 12, 2022**.

Moreover, pursuant to the Notice of Voluntary Dismissal, (ECF No. 28), the Court hereby **DISMISSES** the case **WITH PREJUDICE**. All remaining dates and deadlines are **VACATED**, and with the exception of the order to pay sanctions and submit proof of payment, all outstanding orders are **DISCHARGED**. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

November 28, 2022

```
                     _____
                         OTIS D. WRIGHT, II
                     UNITED STATES DISTRICT JUDGE
```